1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7

ANTHONY RUBEN ALDO BARBIERI,   )

8
        Plaintiff,        )     Case No. 2:12-cv-00429-MMD-CWH

9
vs.           )     **ORDER**

10
WYNN/LAS VEGAS,        )

11
        Defendant.       )

12
13

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis

14

(#1), filed on March 14, 2012.  It is also before the Court on Plaintiff's Motion for Status Check

15

(#6), filed on November 7, 2012.

16

## DISCUSSION

### I.   *In Forma Pauperis* **Application**

17

Plaintiff submitted a financial affidavit along with his application and complaint as

18

required by 28 U.S.C. § 1915(a).  After reviewing the financial affidavit pursuant to 28 U.S.C. §

19

1915(a), the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result, Plaintiff's

20

request to proceed *in forma pauperis* is granted.

21

### II.   **Screening the Complaint**

22

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

23

complaint pursuant to § 1915(a).  Specifically, federal courts are given the authority dismiss a

24

case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may

25

be granted, or seeks monetary relief from a defendant who is immune from such relief.  28

26

U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it is premised on a

27

nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-

28

28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged

rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.    Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $300,000.00 in her complaint. However, Plaintiff states that he is a citizen of Nevada, but does not provide the citizenship of Defendants. The diversity jurisdiction statute requires that to bring

1   a diversity case in federal court against multiple defendants, each plaintiff must be diverse from
2   each defendant.  *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).  Plaintiff
3   and the Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

4                    **B.       Federal Question Jurisdiction**

5           As a general matter, federal courts are courts of limited jurisdiction and possess only that
6   power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).
7   Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil
8   actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises
9   under' federal law either where federal law creates the cause of action or 'where the vindication
10  of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican*
11  *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*
12  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of
13  federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc.*
14  *v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal
15  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
16  pleaded complaint." *Id.*

17          Here, Plaintiff alleges race and national origin discrimination in violation of Title VII of
18  the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, age discrimination in violation of
19  the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and
20  violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*
21  Accordingly, this action is a civil action for which this Court has original jurisdiction under 28
22  U.S.C. § 1331, which provides that United States district courts "shall have original jurisdiction
23  of all civil actions arising under the Constitution, laws, or treaties of the United States."  Further,
24  Title VII provides, "[e]ach United States district court . . . shall have jurisdiction of actions
25  brought under this title."  42 U.S.C. § 2000e-5(f)(3).

26                    **C.       Title VII Claim**

27          It appears Plaintiff is attempting to state a claim for race and national origin
28  discrimination in violation of Title VII.  Title VII allows a person to sue an employer for

                                                    3

1  discrimination on the basis of race and national origin if he has exhausted both state and EEOC

2  administrative procedures.  Once plaintiff files charges with the EEOC, the commission will

3  investigate the charges, attempt to reach a settlement, and decide whether to sue the employer.

4  *Id.*  If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the

5  EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with

6  the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff may

7  sue in federal or state court.  *Id.*  Here, Plaintiff has attached a Notice of Suit Rights letter from

8  the EEOC dated December 16, 2011 and subsequently filed this action within 90 days.  Thus, it

9  appears Plaintiff has exhausted his administrative remedies.

10  However, Plaintiff has not provided adequate factual support for his claims.  To state a

11  claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that

12  is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79.  In order to prove a prima facie case of

13  discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected

14  class; (b) he was qualified for the job; (c) he was subjected to adverse employment action; and

15  (d) similarly situated employees not in her protected class received more favorable treatment.

16  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810,

17  818 (9th Cir. 2002)).  Plaintiff generally alleges that he was discriminated against due to his

18  Argentinean national origin and Hispanic race, which resulting in him being demoted on April

19  13, 2010 to steady, extra on-call status, while other employees with less seniority were given full-

20  positions.  However, Plaintiff does not specify how he was qualified for the full-time position

21  that he was denied.  Thus, Plaintiff has not stated a claim under Title VII.

22  **D.     ADEA Claim**

23  The ADEA makes it unlawful "to discharge any individual ... because of such individual's

24  age."  29 U.S.C. § 623(a)(1).  In order to establish a disparate treatment claim, the plaintiff must

25  produce evidence that gives rise to an inference of unlawful discrimination, either through direct

26  evidence of discriminatory intent or through the burden shifting framework set forth in

27  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *See*

28  *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir.2003); *Diaz v. Eagle Produce Ltd.*

4

*P'ship*, 521 F.3d 1201, 1207 (9th Cir.2008).  Additionally, in order to establish liability for a pattern and practice claim of age discrimination, a plaintiff bears the initial burden of proving disparate treatment based upon age.  *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).  A pattern and practice claim must be based upon "more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts.  It [must be] establish[ed] by a preponderance of the evidence that [age] discrimination was the company's standard operating procedure - the regular rather than the unusual practice." *Id.*  The plaintiff must show "a prima facie case of systematic and purposeful employment discrimination." *Id.* at 342, 97 S.Ct. 1843.

Here, Plaintiff has failed to state his age, produce any direct evidence of discriminatory intent like statements by Defendant regarding his age, or statistical evidence that Defendant employees younger employees.  Thus, Plaintiff has not stated a claim under the ADEA.

### E.    FMLA Claim

FMLA prohibits interference with an employee's right to take leave under 29 U.S.C. § 2601, *et seq*.  Section 2615(a) prohibits conduct that interferes with an employee's exercise of his rights under the FMLA or retaliation in the form of adverse employment action for requesting or taking FMLA.  Section 2617 permits an employee to bring a civil action to enforce FMLA rights. In order to prove a violation of the FMLA, a plaintiff must show that the defendant either (a) interfered with the exercise of his rights under the FMLA, or (b) retaliated against the plaintiff for "opposing any practice made unlawful by [the] subchapter."  29 U.S.C. §§ 2615(a). Regulations adopted by the Department of Labor to enforce the FMLA interpret "interference" to include "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave."  29 C.F.R. § 825.220(b).  Furthermore, "employers cannot use the taking of FMLA leave as a negative factor in employment actions" under 29 C.F.R. § 825.220(c).  *See also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir.2003).  Employers interfere with an employee's rights under FMLA by "discouraging an employee from using such leave."  *Id.* at 1134.  "[A]ttaching negative consequences to the exercise of protected rights surely tends to chill an employee's willingness to exercise those rights: Employees are, understandably, less likely to

1   exercise their FMLA leave rights if they can expect to be fired or otherwise disciplined for doing

2   so." *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir.2001) (internal

3   citations omitted).

4          To establish a prima facie claim for retaliation in violation of FMLA, a plaintiff must

5   establish that he engaged in activity protected under FMLA and that a causal connection existed

6   between the employee's activity and the adverse action.  Here, Plaintiff alleges he was granted

7   FMLA leave, but it was subsequently denied.  He did not allege sufficient facts to determine

8   what protected activity he engaged in and the casual connection for the subsequent denial of

9   leave.  Thus, Plaintiff has not stated a claim under the FMLA.

10          In conclusion, absent sufficient factual allegations to correct the above-noted subject-

11   matter jurisdiction deficiencies, Plaintiff's claims cannot survive.  As Plaintiff is proceeding *pro*

12   *se*, the Court will provide Plaintiff with thirty days to amend the complaint.

13          Based on the foregoing and good cause appearing therefore,

14          **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis

15   (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty

16   dollars ($350.00).

17          **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its

18   conclusion without the necessity of prepaying any additional fees or costs or giving security

19   therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

20   of subpoenas at government expense.

21          **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint

22   (#1-1).

23          **IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for

24   failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have

25   **thirty (30)** days from the date that this Order is entered to file an Amended Complaint, if he

26   believes he can correct the noted deficiencies.  Failure to comply with this Order may result in

27   the Court recommending that this action be dismissed.

28          **IT IS FURTHER ORDERED** that Plaintiff's Motion for Status Check (#6) is **denied as**

6

1    **moot**.

2           DATED this 8th day of November, 2012.

3

4

5                                        _____
                                         C.W. Hoffman, Jr.
6                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28