# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY RUBEN ALDO BARBIERI, | |
| Plaintiff, | Case No. 2:12-cv-00429-MMD-CWH |
| vs. | **ORDER** |
| WYNN/LAS VEGAS, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Amended Complaint (#16), filed on January 15, 2013.

## BACKGROUND

On March 14, 2012, Plaintiff filed an Application for Leave to Proceed *in Forma Pauperis* (#1). On November 8, 2012, the Court granted Plaintiff's Application to Proceed *in Forma Pauperis* and ordered the Clerk of the Court to file Plaintiff's Complaint. *See* Order #7. In addition, the Court ordered that the Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days to file an amended complaint correcting the noted deficiencies. On December 17, 2012 and December 18, 2012, Plaintiff filed Amended Complaints #12-13, which the Court ordered dismissed without prejudice. *See* Order #14. Plaintiff was given thirty (30) days to file another amended complaint correcting the noted deficiencies. On January 15, 2013, Plaintiff filed his Fourth Amended Complaint (#16), which the Court will now screen.

## DISCUSSION

**I.   Screening the Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Specifically, federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without

reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

### A.    Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff and the Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

### B.    Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

In the Fourth Amended Complaint #16, Plaintiff alleges violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*. and violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. Accordingly, this action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, which provides that United States district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." Further, Title VII provides, "[e]ach United States district court . . . shall have jurisdiction of actions brought under this title." 42 U.S.C. § 2000e-5(f)(3). The Court will now determine whether Plaintiff provided sufficient information to state a claim upon which relief can be granted.

### C.   Title VII Claims

Plaintiff alleges sexual harassment and retaliation in violation of Title VII. He attached the Notice of Suit Rights letter he received from the EEOC dated on December 16, 2011 and subsequently filed this action within 90 days. Thus, it appears Plaintiff exhausted his administrative remedies.

In order to put forth a prima facie case for hostile work environment in violation of Title VII, a plaintiff must show that (a) he was subjected to verbal or physical conduct of a sexual nature, (b) that conduct was unwelcome, and (c) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and created an abusive work environment. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634 (9th Cir. 2003). Plaintiff alleges that he was sexually harassed by male employees through unwanted touching and verbal behavior, which was sufficiently severe and pervasive to alter the conditions of his employment. As a result, Plaintiff has stated sufficient facts to proceed with a hostile work environment claim.

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that (1) he engaged in an activity protected under Title VII; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004). With respect to the first element, an employee has engaged in a protected act if he (1) has opposed any practice made an unlawful employment practice by this subchapter; or (2) has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e–3(a) (2006); see also *Thomas*, 379 F.3d at 811. Plaintiff alleges that he was subjected to several adverse employment actions including being denied promotional and transfer opportunities that less experienced employees received in retaliation for filed a charge with the EEOC on November 15, 2010. Taking these allegations as

true, Plaintiff has stated sufficient facts for a retaliation claim under Title VII.

### D. FMLA Claim

FMLA prohibits interference with an employee's right to take leave under 29 U.S.C. § 2601, *et seq*. Section 2615(a) prohibits conduct that interferes with an employee's exercise of his rights under the FMLA or retaliation in the form of adverse employment action for requesting or taking FMLA. Section 2617 permits an employee to bring a civil action to enforce FMLA rights. In order to prove a violation of the FMLA, a plaintiff must show that the defendant either (a) interfered with the exercise of his rights under the FMLA, or (b) retaliated against the plaintiff for "opposing any practice made unlawful by [the] subchapter." 29 U.S.C. §§ 2615(a). Regulations adopted by the Department of Labor to enforce the FMLA interpret "interference" to include "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). Furthermore, "employers cannot use the taking of FMLA leave as a negative factor in employment actions" under 29 C.F.R. § 825.220(c). *See also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir.2003). Employers interfere with an employee's rights under FMLA by "discouraging an employee from using such leave." *Id.* at 1134. "[A]ttaching negative consequences to the exercise of protected rights surely tends to chill an employee's willingness to exercise those rights: Employees are, understandably, less likely to exercise their FMLA leave rights if they can expect to be fired or otherwise disciplined for doing so." *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir.2001) (internal citations omitted).

To establish a prima facie claim for retaliation in violation of FMLA, a plaintiff must establish that he engaged in activity protected under FMLA and that a causal connection existed between the employee's activity and the adverse action. Here, Plaintiff alleges he was granted FMLA leave, but it was subsequently denied, he had to resubmit his paperwork, and Defendant retaliated against him. Taking these allegations as true, Plaintiff has stated sufficient facts to proceed with a claim for relief under the FMLA.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Fourth Amended

Complaint (#16) and shall issue Summons to Defendant(s) and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant(s) was served.  If Plaintiff wishes to have service again attempted on an unserved Defendant(s), a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

**IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon Defendant(s) or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include, with the original papers submitted for filing, a certificate stating that a true and correct copy of the document was mailed to Defendant(s) or counsel for Defendant(s).  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED this 29th day of January, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge